996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Muriel D. BLACK, Petitioner-Appellant,
v.
Michael O'LEARY, Respondent-Appellee.
 No. 91-3533.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1993.*
Decided June 11, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Muriel Douglas Black is an inmate at the Stateville Correctional Center serving a sentence of 30 to 100 years for armed robbery. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the Magistrate Judge[1] denied on the merits. The court later denied Black's motion to alter or amend the judgment. Fed.R.Civ.P. 59(e). We affirm.
 
 
 2
 When reviewing a petition for habeas corpus relief, the first duty of a federal district court "is to examine the procedural status of the cause of action." Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, 490 U.S. 1009 (1989). It must, before reaching the merits of the petition, determine whether the petitioner has exhausted state court remedies and not procedurally defaulted any of his claims. E.g., Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir.1992) (distinguishing between exhaustion and procedural default), petition for cert. filed, Feb. 26, 1993.
 
 
 3
 Black never appealed either of his two claims to the state supreme court. His first contention is that he did not knowingly, voluntarily, or intelligently waive his right to counsel at trial. The state appellate court rejected this argument on direct appeal. The Supreme Court of Illinois never heard the issue, and Black pursued no postconviction remedies in the state system. His second claim asserts that the trial judge imposed an unreasonable sentence because he was biased against Black. Black never raised this claim on direct appeal. In the context of an ineffective assistance of counsel claim, he did raise the issue during the postconviction process. The state appellate court found the issue unavailing and denied relief. Black did not appeal to the state supreme court.
 
 
 4
 The time for appealing either claim to the Supreme Court of Illinois is long past, so he has exhausted his state court remedies. Engle v. Isaac, 456 U.S. 107, 126-26 n. 28 (1982). Still, he is barred from obtaining federal relief because he procedurally defaulted both claims. See Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985). (When "the prisoner by his own default is no longer permitted under state rules to seek review in the highest court, then ... he [is] deemed to have waived his right to habeas relief on the grounds that he might have presented but did not present to the highest court."). Black offers no arguments concerning cause for his procedural lapse, or resulting prejudice, United States v. Frady, 456 U.S. 152, 158 (1982), and we see no fundamental miscarriage of justice resulting from dismissal of his petition. See also Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Since neither party submitted any such statement, we consider this appeal on the basis of the briefs and the record
 
 
 [1]
 The parties consented to final entry of judgment by a United States Magistrate Judge. 28 U.S.C. § 636(c)